IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL QUILES-ARCE,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 12-1968 (PG)
(CRIMINAL 05-0021(PG))

OPINION AND ORDER

On March 27, 2006, petitioner entered a plea of guilty to an indictment charging him and two others with a car jacking resulting in the murder of the victim. (Crim. No. 05–0021, Docket Nos. 29, 144). Petitioner was sentenced to a term of imprisonment of 168 months on September 27, 2006. (Crim. No. 05–0021, Docket No. 179). Petitioner appealed and the court of appeals affirmed the conviction in a judgment entered on February 7, 2008. United States v. Quiles-Arce, Appeal No. 06-2542 (1st Cir., February 7, 2008). The court of appeals noted that this court held extensive and careful hearings before deciding to make a downward departure from the advisory sentencing range on the ground of petitioner's diminished capacity, and that a well-reasoned and full explanation for the sentence was also provided. The court of appeals could not characterize the sentence as unreasonable in the context of this case.

CIVIL 12-1968 (PG)                                             2
(CRIMINAL 05-0021 (PG))

This matter is before the court on motion brought under 28 U.S.C. § 2255 to vacate, set aside or correct sentence file by petitioner Rafael Quiles-Arce on November 28, 2012. (Docket No. 1).  Petitioner's argument relies on a newly recognized right as arguably provided by <u>Lafler v. Cooper</u>, 566 U.S. ___, 132 S. Ct. 1376 (2012).  He does not challenge the guilt for his crime, but rather argues error in the sentence based on a conflict of interest of his attorney and ineffective assistance of counsel.

On January 10, 2013, the government responded to the motion September 29, 2011, noting that the judgment on appeal was issued on February 7, 2008 and the time to petition for a writ of certiorari ended ninety days later on May 7, 2008.  <u>See Clay v. United States</u>, 537 U.S. 522, 531, 123 S. Ct. 1072 (2003). Therefore, the limitations period having ended on May 7, 2009, the petition is time barred.  The government also quotes extensively from the judgment of the court of appeals in arguing the lack of merit of the motion.

Petitioner filed a reply to the response on January 28, 2013. (Docket No. 6). He also filed a supplemental motion to vacate on March 8, 2013. (Docket No. 8). He argues that his attorney gave him erroneous advise, and that counsel knew of a sentencing error and failed to raised it on appeal, instead filing an <u>Anders</u> brief. <u>See Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396 (1967).   Counsel had told petitioner that there were no legal issues worthy of appeal.   In the supplemental

CIVIL 12-1968 (PG)                                              3
(CRIMINAL 05-0021 (PG))

brief, petitioner relies on United States v. Powell, 691 F.3d 554 (4th Cir. 2012) and United States v. Thomas, 627 F.3d 534 (4th Cir. 2010) in pressing before the court that it has jurisdiction to retroactively apply Lafler, 566 U.S. ___, 132 S. Ct. 1376 under 28 § U.S.C. 2255(f)(3).  However, those cases discuss exceptional situations in which new substantive law and legal rules ought to be applied retroactively.  United States v. Powell, 691 F.3d at 557-58; United States v. Thomas, 627 F. 3d at 537-38.  Neither of those exceptions apply here, and neither case, the latter one for obvious reasons, discusses Lafler, 566 U.S. ___, 132 S. Ct. 1376.

A review of recent circuit case law, including our circuit, reveals that the circuit courts have uniformly found that Lafler, 566 U.S. ___, 132 S. Ct. 1376 did not announce a "newly recognized right". Pagan-San Miguel v. United States, 736 U.S. 44, 46 (1st Cir. 2013);  Gallagher v. United States, 711 F.3d 315, 316 (2d Cir. 2013); Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013);  In re King, 697 F.3d 1189 (5th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137-40 (9th Cir. 2012); Hare v. United States, 688 F.3d 878-80 (7th Cir. 2012); In Re Graham, 714 F.3d 1181, 1182-83 (10th Cir. 2013).  Therefore, the holding of Lafler, 566 U.S. ___, 132 S. Ct. 1376 is inapplicable.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instituted a limitations period of one year from the date on which a prisoner's

CIVIL 12-1968 (PG)                              4
(CRIMINAL 05-0021 (PG))

conviction became final within which to seek federal habeas relief.  See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by  governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

Petitioner's memorandum of law reveals no  circumstances which would equitably toll the limitations period of the statute.  See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011).   The present petition was filed over three years from the date petitioner's sentence became final and unappealable.  Therefore,  petitioner's claim is time-barred.   See Trenkler v. United States, 268 F.3d 16, 23-26 (1st Cir. 2001).

CIVIL 12-1968 (PG)  5
(CRIMINAL 05-0021 (PG))

In view of the above, the Motion to Vacate, Set Aside or Correct Sentence is denied, and this action is dismissed with prejudice.

Based upon my reasoning above, no certificate of appealability should be issued in the event that petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 338, 123 S. Ct. 1029 (2003), quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); also see Medellin v. Dretke, 544 U.S. 660, 676, 125 S. Ct. 2088 (2005).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this July 11th, 2014.

S/JUAN M. PEREZ GIMENEZ
Senior United States District Judge